No. 3375

Second Circuit

BELCHER v. D. R. SARTOR SONS & CO. ET AL.

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)

Parsons and Colvin, of Mansfield, attorneys for plaintiffs, appellees.

Wise, Randolph, Rendall and Freyer, of Shereveport, attorneys for defendants, appellants.

Theus, Grisham and Davis, of Monroe, attorneys for plaintiff, appellant.

Ellis and Ellis, of Rayville, and Shotwell and Brown, of Monroe, attorneys for defendant, appellee.

WEBB, J. D. R. Sartor Sons & Company proceeded by executiva to foreclose a mortgage on property belonging to Ann Brown, and after the property had been seized and advertised for sale, J. S. Belcher, plaintiff here, filed the present suit against D. R. Sartor Sons & Company and the Sheriff, in which he set up the proceedings which had been taken by D. R. Sartor Sons & Company and that he was the owner of one-half of the mineral rights in the property seized, having acquired same through mesne conveyances from Ann Brown, under transfer made by her subsequent to the date of the mortgage under which the foreclosure proceedings were had.

Plaintiff alleged that he had the right to pay the mortgage indebtedness due by Brown, and to be subrogated, and that he had offered to pay said indebtedness with subrogation, and that in order to protect his rights, it was necessary that a writ of injunction issue restraining the sale of the property, and he prayed for the issuance of an injunction, and for judgment authorizing him to pay the indebtedness, that on his paying same, together with interest, attorney's fees and cost, he be decreed the owner of the note and that same be delivered to him with full subrogation of all the rights of the mortgagee and for all orders and decrees necessary and for general relief.

A restraining order having been issued and the Sheriff and D. R. Sartor Sons & Company ordered to show cause why a writ of injunction should not issue the former answered alleging that he was without interest in the suit but admitted that the property had been seized and advertised for sale, and D. R. Sartor Sons & Company answered, admitting the seizure and advertisement of the property as alleged, and that the plaintiff had acquired the mineral rights on the property as alleged, but denied that plaintiff had offered to pay the note, alleging however, that he had offered to purchase the note if defendant would subrogate him to its rights thereunder, and praying that the restraining order be recalled, and plaintiff's suit be dismissed.

The case was called for trial and the minutes show that the allegations of the petition were admitted, and the judgment rejecting plaintiff's demands indicates that the case was submitted not only on the rule, but also on the merits, and the only error assigned by plaintiff, appellant, is that the decree should have recognized plaintiff's right to pay the amount due and be subrogated to the rights of the plaintiff.

The law, we think, clearly recognizes the right of plaintiff having a real right in the property, which was covered by the mortgage, to have paid same, and, on payment to become legally subrogated to the rights of the holder of the note against the mortgagee (Art. 2161 C. C.; Duchamp vs. Dantilly, 9 La. Ann. 247; In re D. R. Sartor Sons & Co., 164 La. 849, 114 So. 709; Pomery Equity, 2d Ed. Vol. 5, page 5190, No. 2346), but the petition does not allege when the offer to pay was made nor the amount due at that time, neither does it appear that the amount was deposited, and considering the right of the holder of a special mortgage to proceed against the property and to be paid from the proceeds of the sale, it is apparent any decree restraining the sale which did not provide for the payment of the amount due the mortgagor from an amount deposited by plaintiff and under the control of the mortgagee or the Court, might cause an injury to the mortgagee and involve him in litigation, which we do not think could

have been contemplated by the law giving plaintiff the equitable right to pay the mortgage, and to become legally subrogated to the rights of the mortgagee

Therefore, we are of the opinion that, as the allegations of the petition do not show the amount due at the time the offer to pay was made, or that any amount had been deposited which could have been ordered by the Court to be delivered to the defendant, mortgagor, the rights of all parties could have been best conserved by the recall of the restraining order, and the dismissal of plaintiff's demands as of non-suit.

It is therefore ordered that the judgment appealed from be set aside and it is now ordered, adjudged and decreed that the restraining order issued herein be recalled and that plaintiff's demands be dismissed as of non-suit; the appellees, D. R. Sartor Sons & Company to pay the cost of appeal, and all other costs to be paid by appellant, J. S. Belcher.